117 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Blanca Lidia DIAZ-CARRILLO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 96-70952, INS No. Anm-xyk-atj.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
Filed June 24, 1997.
 
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 On Petition for Review of an Order of the Board of Immigration Appeals
 
 
 3
 Blanca Lidia Diaz-Carrillo petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal of an immigration judge's order denying her applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction under 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 4
 We review the BIA's findings for substantial evidence. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1982). We will not reverse unless the evidence "was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Id.
 
 
 5
 To qualify for asylum, an applicant must demonstrate past persecution or a well-founded fear of persecution on account of the applicant's race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1158(a), 1101(a)(42)(A); Fisher v. INS, 79 F.3d 955, 961 (9th Cir.1996) (en banc).
 
 
 6
 Diaz-Carrillo contends that substantial evidence does not support the BIA's finding that she failed to establish past persecution or a well-founded fear of future persecution. This contention lacks merit.
 
 
 7
 At the deportation hearing, Diaz-Carrillo testified that once several years before leaving Guatemala she was assaulted by a group of men whom she believed were guerillas, but she did not know why they assaulted her. Diaz-Carrillo also testified that she was never involved in any political organization, political party, or labor union in Guatemala, but that her father and brother were members of the Guatemalan military.
 
 
 8
 We conclude that substantial evidence supports the BIA's finding that Diaz-Carrillo failed to establish past persecution or a well-founded fear of future persecution. See Elias-Zacarias, 502 U.S. at 481. Because Diaz-Carrillo could only speculate that guerillas assaulted her, that incident cannot support her claim. See Diaz-Escobar v. INS, 782 F.2d 1488, 1493 (9th Cir.1986). Even if Diaz-Carrillo was assaulted on account of her father and brother's military status, the military is not a "social group" so as to qualify its members for asylum. See Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir.1991). Furthermore, Diaz-Carrillo's claim is undermined by the fact that her family continues to live peacefully in Guatemala. See Mendez-Efrain v. INS, 813 F.2d 279, 282 (9th Cir.1987).
 
 
 9
 Diaz-Carrillo also contends that the BIA failed to exercise its discretion in balancing the favorable and adverse factors for a grant of asylum based on past persecution. This contention lacks merit because Diaz failed to demonstrate past persecution. See Kazlauskas v. INS, 46 F.3d 902, 906 (9th Cir.1995) (noting that applicant must demonstrate past persecution before discretionary relief is available).
 
 
 10
 Because Diaz-Carrillo failed to establish eligibility for asylum, she necessarily failed to meet the higher standard of "clear probability of prosecution" required to qualify for withholding of deportation. See Fisher, 79 F.3d at 961.
 
 
 11
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3